## The Granite Railway Company *versus* Jacob Bacon.

A promissory note in the following words was signed by the defendant : " For value received I promise to pay to Quincy Railway Company " (who were the plaintiffs) " or order, one thousand and thirty dollars in six months." The note was then indorsed by E. P., and delivered to the treasurer of the plaintiffs, who without the knowledge or consent of the defendant, inserted the words " the order of E. P." above the words " Quincy Railway Company, or order," but without erasing the latter words. It was *held*, that, in the absence of fraud, this was not an alteration affecting the validity of the note.

This was assumpsit on the following promissory note, which was signed by the defendant : " Boston, January 25, 1832. For value received, I promise to pay to Quincy Railway Company or order, one thousand and thirty dollars, in six months." Above the words *Quincy Railway Company or order*, were interlined the words, *the order of Edward Prescott*.

On the back of the note was the signature of Edward Prescott. The words interlined were in a different hand writing from the rest of the note.

Granite
Railway
Company
v.
Bacon.

In addition to several counts declaring upon the note, the declaration contained the general counts.

The defendant pleaded the general issue.

At the trial, before *Putnam* J., it appeared, that the note was signed by the defendant, and that Prescott wrote his name on the back of it; that the note was then delivered to Caleb Pratt, the agent of the company, by whom it was carried to the treasurer of the company; that the treasurer interlined the words " the order of Edward Prescott;" that Pratt afterwards called on the defendant, and requested him to give a new note, like the original note, with the exception, that the words " the order of Edward Prescott" should be substituted in the place of the words " Quincy Railway Company or order," but that the defendant declined to do so; and that the interlineation in the original note was not made known to the defendant.

The defendant thereupon objected to the admission of the note in evidence, but the objection was overruled.

The plaintiffs offered evidence to prove the consideration of the note, under the other counts. To this also the defendant objected; and the objection was overruled.

The plaintiffs proved, that the defendant had contracted with them for a quantity of stone required for the building of certain tombs; that their bill against the defendant amounted to the sum of $1000, and was receipted in full; that the note was given for this consideration, with the addition of interest for six months; and that the defendant had before agreed to give his note for the amount, the note to be *backed* by Prescott.

Upon this evidence the defendant insisted, that the original contract had been discharged by the note given and received in payment; that the note having been afterwards altered by the plaintiffs without the consent of the defendant, was thereby rendered void; and that the plaintiffs therefore could not recover.

The jury were instructed, that if the words were interlined by the treasurer without any fraudulent intent, the note was not vitiated, and that this was a question for them to determine.

The jury returned a verdict for the plaintiffs.

If the Court should be of opinion, that this instruction or any one of the rulings was wrong, a new trial was to be granted ; otherwise judgment was to be rendered on the verdict.

*Morey*, for the defendant. The defendant is not liable upon this note, it having been altered materially, without his knowledge or consent. *Master* v. *Miller*, 4 T. R. 320 ; *Cowie* v. *Halsall*, 4 Barn. & Ald. 198 ; *Stevens* v. *Graham*, 7 Serg. & Rawle, 505 ; *Smith* v. *Crooker*, 5 Mass. R. 538; *Hatch* v. *Hatch*, 9 Mass. R. 307 ; *Hunt* v. *Adams*, 6 Mass. R. 519 ; *Tidmarsh* v. *Grover*, 1 Maule & Selw. 734. It is not necessary, in order to render the note void, that the alteration should have been made with a fraudulent intent. If the alteration is material, it vitiates the note, unless it is proved to have been merely *accidental*. If the alteration was made *designedly*, it vitiates, whether the intent was fraudulent or not. In this case, the alteration was made *designedly*, though we do not impute moral fraud.

It may be said, that the alteration was not material, because the defendant was not bound thereby to pay a larger sum or at a different time. But the true question is, whether the note was not thereby made a *different contract*. Would a party be allowed to alter a promissory note into a bill of exchange, or by affixing a seal, to convert it into a bond ? In the present case, the note was originally a joint and several note signed by the defendant on the face, and on the back, by Prescott. By the alteration, the defendant is made the sole promiser, and Prescott becomes merely an indorser.

*Dexter* and *Gardiner*, for the plaintiffs. The interlineation in question did not vitiate the note, unless it was a material and intentional alteration, and made with the purpose of defrauding, or at least of securing some advantage. *Trapp* v. *Spearman*, 3 Esp. R. 57 ; *Alderson* v. *Langdale*, 3 Barn. & Adolph. 660 ; 1 Saund. Pl. and Evid. 77 ; *Homer* v. *Wallis*, 11 Mass. R. 309 ; *Hunt* v. *Adams*, 6 Mass. R. 519 ; *Bank of America* v. *Woodworth*, 18 Johns. R. 315. If any alteration of the note had been intended, the words " Quincy Railway Company or order," would have been struck out. The

Granite
Railway
Company
*v.*
Bacon.

*March* 20*th*

Granite
Railway
Company
*v.*
Bacon.

interlineation was rather a *proposed* alteration, than an altera-
tion in fact.

If the interlineation was made with an honest intention,
the note may be restored to its original state. *Nevins* v.
*De Grand*, 15 Mass. R. 436.

No alteration of a note, in furtherance of the original pur-
pose of the parties and to correct an error, will render it
invalid. 1 Saund. Pl. and Evid. 76 ; *Hale* v. *Russ*, 1 Greenl.
334 ; *Hall* v. *Chandless*, 4 Bingh. 123 ; *Waugh* v. *Bussell*,
5 Taunt. 707 ; *Sanderson* v. *Symonds*, 1 Brod. & Bingh.
426 ; *Kershaw* v. *Cox*, 3 Esp. R. 246.

*March 24th.* SHAW C. J. delivered the opinion of the Court. We
think the facts do not warrant the defendant in calling this an
alteration of the note. No word was added or struck out.
Certain words were inserted between two lines, which taken
with the original words, and as an addition to them, would be
wholly senseless and inoperative. The name of the original
payee was not erased, and it cannot be considered that the
name of another payee was inserted. The most that can be
inferred is, that it was a proposal to insert the name of another
payee, never acceded to, and so the note was not altered ;
and this is fully explained by the evidence. As mere sense-
less words written on a subsisting instrument, complete in
itself, they did not affect the terms, the effect, or the identity
of the contract, and so were immaterial. The jury have found
that it was done without fraud. It is therefore not an altera-
tion affecting the validity of the note.

*Judgment on the verdict*